ROBERT HERBST, APPELLANT, *v.* LIONEL HAGENAERS, RESPONDENT.

*Arbitration — an award must be definite and cover all matters submitted — Code of Civil Procedure, sec. 2374.*

On the twenty-ninth of April, 1891, arbitrators, appointed to determine the interests of the partners in a partnership, met and made an award which provided that one Herbst was to take and receive to his own use all the assets of the firm, and to engage to pay all the liabilities of the firm existing on April eighteenth, and to release one Hagenaers from all responsibility to said firm from that date and pay him a specified sum. Herbst was also to collect all.outstanding accounts. The award further provided that the amount which might be due Hagenaers from the firm on the eighteenth of April, irrespective of the amount of an award thereafter and thereby given, was to be paid him, and that that amount and the award were to be paid to him within ten days.

*Held,* that the award was so indefinite that no judgment could be entered upon it.

That the arbitrators should have determined definitely what amount was due Hagenaers from the firm on April eighteenth.

*Semble,* that when an award is made by arbitrators their powers are exhausted and they have no power to thereafter make a supplemental award.

APPEAL by Robert Herbst, one of the parties to an arbitration, from a judgment in arbitration, entered in the office of the clerk of the city and county of New York on the 12th day of June, 1891, in favor of Lionel Hagenaers.

Also from an order, entered in said clerk's office on the 10th day of June, 1891, which said order, after reciting the award and.supplemental award of Messrs. C. C. Abel and C. A. Johnson, dated, respectively, April 29, 1891, and May 7, 1891, directed that the motion of said Robert Herbst to vacate the said awards of the arbitrators be denied, and that the motion of the said Lionel Hagenaers to confirm said awards be granted, and that said Lionel Hagenaers should have judgment in accordance therewith, together with the sum of twenty-five dollars costs.

The submission to arbitration was as follows:

"Whereas the copartnership heretofore existing between Robert Herbst and Lionel Hagenaers, under the firm name of Herbst Brothers, has this day been dissolved by mutual consent, by the retirement of Lionel Hagenaers from said firm.

"And, whereas, the interests of the respective parties to said copartnership have not as yet been determined and fixed between them.

. "Now, therefore, in consideration of the premises and of the sum of one dollar by each of the parties to the other paid, it is agreed by and between the parties hereto as follows :

" The said Robert Herbst and Lionel Hagenaers hereby agree to submit to arbitration the question what their respective interests in the said copartnership of Herbst Brothers are, and also what compensation, if any, either party is entitled to, in consequence of the dissolution of the partnership, and hereby appoint Mr. C. C. Abel and Mr. C. A. Johnson, they to have power to select and appoint an umpire in case they cannot agree amongst themselves, and then the decision of the majority to be considered as final, as arbiters to pass upon the aforesaid question, their judgment, when made, to be final in the premises and to be filed in the Supreme Court of the State of New York as and for a judgment on the merits of the question in controversy, it being, however, distinctly understood and agreed by and between the parties hereto that the said copartnership of Herbst Brothers had this day been dissolved as aforesaid.

" In witness whereof, the said Robert Herbst and Lionel Hagenaers have hereunto set their hands and seals this 18th day of April, 1891.

"ROBERT HERBST.      [SEAL.]

"In presence of :        "LIONEL HAGENAERS.  [SEAL.]

  OTTO C. WIERUM, JR.,

          " as to both."

The award on which judgment was entered was as follows :

" Decision on arbitration as to the amount due Mr. Lionel Hagenaers from the firm of Herbst Brothers as per dissolution agreement dated April 18, 1891. In connection with the amount herein stated below as awarded to Mr. Lionel Hagenaers, it is understood that Mr. Robert Herbst, representing the firm of Herbst Bros., is to engage himself to pay all accounts and liabilities of the firm existing on April 18, 1891, and to give to Mr. Lionel Hagenaers a formal release from all responsibilities of the firm of Herbst Brothers on and from that date, and Mr. Robert Herbst to collect the firm's outstanding claims.

" The account referred to in arbitration proceedings as the ' Horse Hair Account' is to be assumed, carried and settled in the future, as Mr. Robert Herbst may elect and a positive and formal release is to be given Mr. Lionel Hagenaers on this account, relieving him from all responsibilities whatsoever in and to, and on said account. The amount which may be due Mr. Lionel Hagenaers from the firm of Herbst Brothers, under date of April 18, 1891, irrespective of the amount of this award herein below stated is to be paid to him in excess of the amount of this award. This said amount in excess of the award and also including the amount of the award, both of which amounts are to be paid to Mr. Lionel Hagenaers in cash within ten days from this date.

" Mr. Robert Herbst may continue the business under firm name, and all the firm's books, papers, &c., remain his property, as provided by the copartnership agreement.

" The amount referred to above as agreed to be awarded to Mr. Lionel Hagenaers and to be paid to him by Mr. Robert Herbst, representing the firm of Herbst Brothers, is six thousand three hundred and thirty-six dollars ($6,336), which does not include the amount due Mr. Lionel Hagenaers on the books of the firm on April 18, 1891, and which latter amount is also to be settled as above referred to.

" NEW YORK, *April* 29, 1891.

" C. C. ABEL,
" C. A. JOHNSON,
*Arbitrators.*"

The arbitrators also made a supplemental award as follows :

" IN THE MATTER
OF
THE ARBITRATION IN DISSOLUTION OF
THE FIRM OF HERBST BROTHERS.

" NEW YORK, *May* 6, 1891.

" *To whom it may concern :*

" At the request of the parties in interest of the firm of Herbst Brothers, as to any further action in determining their interest in said firm from January 1, '91, to the dissolution of the copartnership April 18, '91, we hereby give the supplementary award which we had considered as well understood in our previous decision as

rendered under date of April twenty-ninth. First. The traveling expenses in dispute are to remain as a charge against the firm.

"Our supplementary award (on basis of estimated profits of the copartnership up to Dec. 31, '90) we calculated the proportion from Jan. 1, '91 to April 18, '91 (the date of dissolution of the firm) to be $5,567.00, on which amount the five per cent due Mr. Lionel Hagenaers is $278.35. This amount, namely, $278.35, and also the amount of the balance of account due him on the books on April 18, '91, as per copartnership agreement dated April 16, 1888, is to be paid him in cash, together with the amount of our previous award of $6,336.00 on May 9th, 1891.

"C. C. ABEL,
"C. A. JOHNSON,
*"Arbitrators.*

"Acknowledged to before me }
this 6th day of May, 1891. }

"MICHAEL J. McCARTY,
"*Notary Public, Kings Co.*"

*W. N. Cohen,* for the appellant.

*L. W. Russell,* for the respondent.

VAN BRUNT, P. J.:

Prior to April, 1891, the parties to this motion had been copartners, and on the eighteenth of April said partnership was, by mutual consent, dissolved, and the parties agreed to submit to arbitration the question as to what their respective interests in said copartnership were, and also what compensation, if any, either party was entitled to in consequence of the dissolution of the partnership, and Mr. C. C. Abell and Mr. C. A. Johnson were appointed arbitrators; and by the agreement it was provided that the judgment to be entered upon their award should be final in the premises; and that it should be filed in the Supreme Court as for a judgment on the merits of the question in controversy.

The arbitrators met and heard the proofs, and on the 29th of April, 1891, made an award by which it was provided that the appellant Herbst was to engage to pay all the liabilities of the firm existing on the 18th of April, 1891, and to release the respondent Hagenaers from all responsibility to said firm on and from that date, and that the appellant was to collect the firm's outstanding accounts. The

award further provided that the amount which might be due the respondent from the firm on the 18th of April, 1891, irrespective of the amount of the award thereafter given, was to be paid to him in excess of the amount of the award, which amount and the award was to be paid in cash within ten days. The appellant was to continue the business in the firm name, and the firm's books and papers were to remain his property as provided by the copartnership agreement; and the sum of $6,336 was awarded to the respondent, which did not include the amount due to the respondent on the books of the firm on the 18th of April, 1891.

On the 6th of May, 1891, the arbitrators reconvened and made a supplemental award. Motions were thereupon made to vacate the awards upon various grounds and also a motion to confirm the same. The motion to vacate was denied, and the motion to confirm granted and judgment was entered upon the original award, irrespective of the supplemental award, and from the order denying the motion to vacate said judgment this appeal is taken.

The grounds upon which it is sought to vacate were — first, that the arbitrators illegally refused to hear proper and legal testimony; that they are chargeable with gross partiality and misconduct; that they exceeded their powers; that the award is not certain, final and conclusive; that the pretended supplemental award is unauthorized and void; and even were the supplemental award valid, the entire award is so grossly excessive as to be fraudulent in law, and another ground which it is not necessary here to state.

No action having been taken upon the supplemental award, and no judgment entered hereon, it is not necessary to discuss the question as to the right of the arbitrators to make such award.

The claim that the arbitrators illegally refused to hear evidence is not sustained by the record. It is true that the appellant, by his affidavit, claims that the arbitrators refused to hear evidence which he offered. But it is to be observed that his affidavit is somewhat indefinite in this particular, and it is denied, both by one of the arbitrators and by the respondent, that he ever offered to produce such evidence or testimony; and it is denied by the arbitrator that the letter of the appellant offering to produce testimony was ever received by him. There is, therefore, no ground made out upon the papers for vacating the award for this reason.

The charge of gross partiality and misconduct is not made out. It is claimed upon the part of the appellant that one of the arbitrators was under the domination of the other, but there is no evidence of that kind. Neither is there any evidence that the arbitrators exceeded their powers. Neither is the claim that the refusal to allow the appellant's stenographer to take a record of the proceedings well taken. It would certainly be rather remarkable if the record of a proceeding, semi-judicial in its nature, was to be kept by the employee of one of the parties. But that the award is not certain, final and conclusive seems to be established upon its face.

It is provided by section 2374 of the Code that in certain cases the court specified in the submission must make an order vacating the award; and amongst others where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject-matter submitted has not been made. Now, the question submitted to the arbitrators in this case was the question what the respective interests of the copartners in said copartnership were, and, also, what compensation, if any, either party was entitled to in consequence of the dissolution of the partnership; and it was provided that a judgment might be entered upon this award. Therefore, there was nothing to be left undetermined or indefinite, so that it might not be executed as a judgment of the court.

We find that in the award a definite sum is awarded to the respondent, and an indefinite sum, namely, the sum which might be due to the respondent on the 18th of April, 1891, from the firm, of which he was a member, irrespective of the amount which had been awarded. This is clearly so indefinite that no judgment whatever could be entered upon the same. The submission was that they should determine the respective interests of the partners in the firm, and what compensation, if any, either party was entitled to in consequence of the dissolution. The arbitration was intended to wind up the affairs of the concern and to settle the rights of the parties, and determine what amount of money the respondent should receive from the appellant upon this dissolution.

The award left the whole question open by providing that what was due from the firm to the respondent on the 18th of April, 1891, should be paid to him, without fixing any amount. This was

attempted to be done by the supplemental award. But, as already suggested, no judgment having been entered upon the supplemental award, it is not necessary to consider it here, although it would seem that, by the making of the first award, the office of the arbitrators ceased.

The award not having been final and definite upon the subject-matter submitted, the court was bound to set it aside as an imperfect and incomplete adjudication.

We think, therefore, for these reasons, that the motion to vacate the award should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate granted.

BARRETT and ANDREWS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion to vacate granted.